IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:15-CV-150-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| $503,000.42 IN U.S. CURRENCY, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| APRIL BARNES ETHRIDGE, | ) |
| | ) |
| Claimant. | ) |

**ORDER GRANTING MOTION FOR STAY AND FOR
EXTENSION OF TIME DISCOVERY PERIOD**

Pending before the Court is the Consent Motion to Stay [# 16]. Claimant moves pursuant to 18 U.S.C. § 981(g)(2) to stay this civil forfeiture proceeding. The Court GRANTS the Motion to Stay [# 16].

I. Analysis

Section 981(g)(2) provides that upon the filing of a motion by a claimant, the Court shall stay a civil forfeiture proceeding where: (1) the claimant is the subject of a related criminal case or investigation; (2); the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the forfeiture proceeding would burden the right of the claimant against self-incrimination in the related criminal case. 18 U.S.C. § 981(g)(2). The statute further defines what constitutes a related criminal case or related criminal investigation:

In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 U.S. Dist. LEXIS 97221, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009) (Keesler, Mag. J.).

Upon a review of the record in this case, the Courts finds that a related criminal case is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding. Moreover, Claimant has standing to assert a claim in these forfeiture proceedings. Finally, a stay of these proceedings is warranted pursuant to Section 981(g) because civil discovery will burden Claimant's right against self-incrimination in the related criminal case. See 18 U.S.C. § 981(g)(2).

The Court, therefore, GRANTS the Motion to Stay [# 16] and stays these proceedings until such time as the related criminal proceedings have been finally determined.

Claimant, with the concurrence of the government also seeks to extend the discovery period for ninety (90) days following the date when the related criminal prosecution is concluded. The Case Management Order [#13] provides that discovery shall be complete by October 14, 2015. The Court finds that because of the pendency of the related criminal prosecution, the parties have been effectively unable to conduct or complete discover within this period, and that the parties will reasonably need ninety (90) days following the conclusion of the criminal prosecution in which to conduct discovery. The Court, therefore, GRANTS the Motion to Extend the Discovery Period. The parties shall have ninety (90) days following the conclusion of the related criminal prosecution with which to complete discovery. Counsel for the Claimant shall PROMPTLY notify this Court and counsel for the government when such prosecution has concluded.

II. Conclusion

The Court GRANTS the Motion to Stay [# 16]. The Court STAYS these proceedings until the related criminal prosecution has been concluded. The Court GRANTS the Motion to Extend the Discovery Period to a date ninety (90) days following the conclusion of the related criminal prosecution. Counsel for the Claimant shall PROMPTLY notify this Court and counsel for the government when such prosecution has concluded.

Signed: October 23 , 2015

LOUISE W. FLANAGAN
United States District Judge